JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AMANDA D'AMICO,

    Plaintiff,

    v.

FORD MOTOR COMPANY, A Delaware Corporation; and DOES 1 through 20, inclusive,

    Defendants.

Case No.: CV 20-2985-CJC (JCx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 12]**

## I. INTRODUCTION & BACKGROUND

On February 20, 2020, Plaintiff Amanda D'Amico filed this action in Los Angeles County Superior Court against Defendant Ford Motor Company, asserting claims for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (the "Act") relating to a new 2017 Ford Explorer that she leased. (Dkt. 4-1 Ex. 1 [Complaint, hereinafter "Compl."].) Defendant removed the case to this Court, asserting

diversity jurisdiction. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Before the Court is Plaintiff's motion to remand. (Dkt. 12 [hereinafter "Mot."].) For the following reasons, that motion is **GRANTED**.[1]

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court, but over which a federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits where more than $75,000 is in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

The burden of establishing subject matter jurisdiction falls on the defendant. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54, (2014). But where "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id*. at 554.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 1, 2020 at 1:30 p.m. is hereby vacated and off calendar.

The removal statute is strictly construed against removal jurisdiction. *Gaus*, 980 F.2d at 566. Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* If the court determines that it lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

**III. ANALYSIS**

Plaintiff alleges that the total amount in controversy exceeds $25,000, but does not allege a specific amount in controversy. (Compl. ¶ 14.) Defendant calculates its asserted amount in controversy by adding the "base Manufacturer Suggested Retail Price ('MSRP') for a new 2017 Explorer Front Wheel Drive XLT" to a penalty of double the base MSRP, for a total of $101,325. (NOR ¶ 19.) Defendant therefore contends that the amount in controversy exceeds $75,000 "[e]ven without adding reasonable attorney's fees." (*Id.*) However, after examining actual damages, civil penalties, and attorney fees, the Court concludes that Defendant has failed to meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

    **A.    Defendant Fails to Carry its Burden as to Actual Damages**

The first category of damages Defendant includes in its calculation of the amount in controversy is actual damages. Actual damages under the Act are the "actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Defendant estimates Plaintiff's actual damages to be the MSRP of the car. This is unpersuasive for two reasons: Defendant fails to account for (1) the fact the car was leased, and (2) the use offset.

### 1. Defendant Fails to Account for the Fact the Car Was Leased

Defendant's calculation entirely fails to account for the fact that the car was leased, not purchased.  (*Compare* NOR ¶ 19 [contending that "Plaintiff alleges that she purchased the Subject Vehicle on or about July 1, 2017"] *with* Compl. ¶ 6 ["On or about July 1, 2017, Plaintiff leased, for personal, family, and/or household purposes, the subject Vehicle from the Lessor."].)  Because Plaintiff leased the car, the "price paid" under the statute is not the MRSP, but only what Plaintiff has paid under her lease.  *See Ghayaisi v. Subaru of Am., Inc.*, 2020 WL 1140451, at *1 (C.D. Cal. Mar. 6, 2020) (remanding where defendant relied on total payments to be made under lease agreement, but "present[ed] no facts regarding how many payments were actually made on the installment contract"); *see also Chavez v. FCA US LLC*, 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) (remanding where defendant failed to meet burden of showing actual damages because the defendant provided only the sales contract, and "fail[ed] to indicate an amount of payments made").  Defendant does not provide any information regarding that amount, and Plaintiff states that she has made less than half of the payments called for under the lease—far less than the MSRP.  (Dkt. 14 [Reply] at 2.)

In its opposition, Defendant argues that Plaintiff's actual damages include the total amount *payable* under Plaintiff's lease, which is $33,480.  (Dkt. 13 [Opposition, hereinafter "Opp."] at 9–10 [citing Cal. Civ. Code § 1793.2].)  In support, Defendant cites *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004 (N.D. Cal. 2002).  (*Id.*)  But that case squarely concludes that in the context of a lease, the Act's phrase "actual price paid or payable by the buyer" is "limit[ed] . . . to payments actually made."  *Id.* at 1008.  The court there explained that this conclusion "is consistent with the logic and purpose of the Song–Beverly Act to make the consumer whole," and also "with the general principle of *restitution* embodied in Cal. Civ.Code § 1793.2(d)(2)(B) which seeks to restore the plaintiff to his or her original position."  *Id.*  The Court is not persuaded that

actual damages here, where Plaintiff leased the car and has made only half the payments called for under a $33,480 lease, are close to the car's MSRP.

### 2. Defendant Fails to Account for the Use Offset

Defendant's amount in controversy calculation also fails to reduce actual damages to account for Plaintiff's use of the car before she took it in for repair  *See* Cal. Civ. Code § 1793.2(d)(2)(C) ("[T]he amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."). This is often called a "use offset." *See, e.g.*, *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700–01 (9th Cir. 2018). Defendant's oversight is especially significant here, where Plaintiff has driven the car for three years, because it is possible that Plaintiff drove the car for many miles before she took it in for repair. *See, e.g.*, *Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (remanding where the defendants "failed to take into account the mileage offset in alleging that the amount in controversy exceeds the jurisdictional minimum"); *Eberle v. Jaguar Land Rover N. Am., LLC*, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (remanding, even where the purchase price of the car was high, because the defendant "offered no maintenance record or any other facts to assist the Court in determining what the actual damages might be without resorting to speculation").

Given Defendant's failure to account for both the fact that the car was leased and for the use offset, Defendant has failed to carry its burden as to Plaintiff's actual damages. *See, e.g.*, *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (concluding that "Defendant has failed to establish the likelihood that Plaintiff may recover *any* amount of actual damages by a preponderance of the evidence"

-5-

where the court lacked information about how much the plaintiff paid for the car or what the use offset would be); *Chajon v. Ford Motor Co.*, 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019) (remanding where the defendant provided only the MSRP, and explaining that this does not reflect "the actual agreed-upon sale amount," especially where there was "no indication as to whether Plaintiff paid in full or agreed to financing, and if so, how many payments were made," or how many miles the plaintiff drove); *Sanchez v. Ford Motor Co.*, 2018 WL 6787354, at *1 (C.D. Cal. Dec. 4, 2018) (remanding where defendant did not account for use offset).

### B. Defendant Fails to Carry its Burden as to a Civil Penalty

The next category Defendant includes in its estimate of the amount in controversy is a civil penalty, which Defendant estimates to be two times the MSRP (NOR ¶ 19) or two times the amount payable under the lease (Opp. at 12.) A plaintiff who establishes that a violation of the Act was willful may recover a civil penalty of up to two times the amount of actual damages. *See* Cal. Civ. Code § 1794(c) (authorizing a civil penalty where the violation was willful). But there are two problems Defendant's civil penalty estimate: (1) the assumption that one will be awarded at all, and (2) its calculation of the amount.

#### 1. Defendant Fails to Show a Civil Penalty Would Be Awarded

"The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where the defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy); *see Zawaideh v. BMW of N. Am., LLC*, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) (explaining that a defendant may not "simply assume that because a civil penalty is available, one will be awarded"); *Chavez*,

2020 WL 468909, at *2 (remanding where the defendant did not explain why a penalty applying to willful conduct would be awarded in the case); *Eberle*, 2018 WL 4674598, at *2 (similar). Rather, the defendant "must make some effort to justify the assumption." *Zawaideh*, 2018 WL 1805103, at *2; *Herko v. FCA US, LLC*, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019) (similar); *see also Sanchez*, 2018 WL 6787354, at *1 (remanding where civil penalties were "too speculative for inclusion in the amount-in-controversy"); *Chajon*, 2019 WL 994019, at *2 (similar).

Defendant has not shown by a preponderance of evidence that a civil penalty would be awarded in this case. Defendant points only to Plaintiff's allegation that she should recover a civil penalty, and four jury verdicts awarding civil penalties. (Opp. at 12–13.) But Defendant does not explain how those jury verdicts are similar to this case. Rather, Defendant argues that "juries award the maximum civil penalty in standard Song-Beverly Consumer Warranty Act cases." (*Id*. at 13.) As explained, courts do not simply assume that a civil penalty will be awarded, and the removal statute is strictly construed against removal jurisdiction.

### 2. Defendant Fails to Show What Amount of Civil Penalty Would Be Awarded

Even if Defendant had offered enough evidence to carry its burden of showing that a civil penalty would be awarded, "Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty." *Edwards*, 2016 WL 6583585, at *4. Defendant argues that a civil penalty would be twice the amount payable under the lease, or $66,960. (Opp. at 12.) But as explained in Section III.A., there is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded. *See Mullin*, 2020 WL 2509081,

at *3 ("[B]ecause the amount of actual damages in uncertain, the Court is unable to determine what civil penalties might be imposed."); *Edwards*, 2016 WL 6583585, at *4 (similar).

### C. Defendant Fails to Carry its Burden as to Attorney Fees

Attorney fees that accrue after the filing of a notice of removal may be included in an estimate of the amount in controversy. *Fritsch*, 899 F.3d at 795. But a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and to "make this showing with summary-judgment-type evidence." *Id.* "A district court may reject a defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Here, Defendant makes no effort to explain what amount of attorney fees might be sought or awarded in this case. (*See* NOR ¶ 19 ["Even without adding reasonable attorney's fees, the amount-in-controversy exceeds $75,000."].) Instead, Defendant argues only more generally that "plaintiff's attorneys regularly request more than $65,000 in Song Beverly cases tried or prepared for trial." (NOR ¶ 18 [collecting cases].) But the Court is not persuaded that "more than $65,000" is a reasonable estimate of attorney fees in this case. Indeed, many cases alleging violations of the Act settle early, and Defendant provides no explanation for why this case is similar to ones that went to trial. Nor does Defendant provide an estimate of the hours that will be incurred or hourly rates that would apply in this case. *See Mullin*, 2020 WL 2509081, at *4 (citing such a deficiency in remanding); *Castillo*, 2019 WL 6607006, at *2 (similar); *see also Sanchez*, 2018 WL 6787354, at *1 (remanding where attorney fees were "too speculative for inclusion in the amount-in-controversy"); *Chajon*, 2019 WL 994019, at *2 (similar).

## IV. CONCLUSION

Simply put, the values Defendant used to compute the amount in controversy are not adequately supported by facts and evidence. Since there remains doubt whether the amount in controversy exceeds $75,000, the Court must remand the case to Los Angeles County Superior Court. *See Gaus*, 980 F.2d at 566. Accordingly, Plaintiff's motion to remand is **GRANTED** and this action is **REMANDED** to Los Angeles County Superior Court.

DATED: May 21, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE